IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 13-cr-00354-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JOEL E. MILLER,
    a/k/a Joel Edward Miller,

    Defendant.

## ORDER DENYING MOTION TO DISCLOSE RULE 404(b) EVIDENCE

**Blackburn, J.**

The matter before me is the **Motion To Disclose FED. R. Evid. 404(b) Evidence** [#71][1] filed July 11, 2014.  The government filed a response [#85], and the defendant filed a reply [#115].  I deny the motion.

The Indictment [#1] charges 35 counts.  Counts one through nine charge health care fraud and counts ten through nineteen charge money laundering tied to the proceeds of the fraud alleged in counts one through nine.  Counts twenty through thirty-four charge distributing or dispensing controlled substances in violation of 21 U.S.C. § 841.  The defendant, Dr. Joel Miller, was a practicing physician at the times relevant to crimes charged in the indictment.  The healthcare fraud counts specify particular dates and particular patients whose treatment allegedly was involved in fraudulent claims for

---

[1] "[#71]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

payment allegedly submitted by Dr. Miller.

Dr. Miller anticipates that the government will introduce at trial evidence concerning the particular patients specified in counts one through nine. In addition, he anticipates the government "will use hundreds of other patient records, or statistical analysis of prescription practices, to attempt to prove its case." *Motion* [#71], p. 2. Addressing patient records not tied directly to the allegations in counts one through nine, Dr. Miller contends some such records may be direct proof of the alleged scheme to defraud but others may be evidence of other acts subject to the strictures of FED. R. Evid. 404(b). To the extent the government intends to use such evidence at trial, Dr. Miller seeks an order requiring the government to provide him with advance notice in time to permit Dr. Miller to file a motion in limine concerning such evidence.

In its response [#85], the government notes that the evidence "will encompass evidence beyond the charged executions of the scheme to defraud." This is true, the government asserts, because it is required to prove both the existence of a scheme to defraud and one or more executions of that scheme. The statute at issue, 18 U.S.C. § 1347, criminalizes executions or attempted executions of a scheme to defraud a health care benefit program. Generally, determining what constitutes an execution of a scheme to defraud "is inextricably intertwined with the way the fraudulent scheme is defined." **United States v. Hickman**, 331 F.3d 439, 446 (5th Cir. 2003). Thus, to establish the charges stated in counts one through nine, the government must show, *inter alia*, both the existence of a scheme to defraud and one or more executions, or attempted executions, of that scheme. Proof of a scheme to defraud is an essential element of each of the health care fraud counts one through nine. Given that requirement, the government asserts, evidence which tends to show the existence of a

scheme to defraud is evidence intrinsic to each of these counts. Such intrinsic evidence, the government asserts, is not properly characterized as 404(b) evidence. I concur.

"Intrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." **United States v. Irving**, 665 F.3d 1184, 1212 (10th Cir. 2011). Rule 404(b) limits the admissibility of evidence related to other crimes or wrongs, but this rule "only applies to evidence of acts extrinsic to the charged crime." **Id**. (internal quotation and citation omitted). Concerning the health care fraud counts, evidence demonstrating the existence of a scheme to defraud is intrinsic evidence because it is directly connected to the factual circumstances of the crime charged and is relevant to an essential element of that crime, the existence of a scheme to defraud. Thus, considered in relation to the health care fraud counts, such intrinsic evidence is not subject to analysis under Rule 404(b) .

In his reply, Dr. Miller cites criticisms of the concept of intrinsic evidence as an overly broad concept oft used to circumvent Rule 404(b). No doubt, the concept has been criticized, but those criticisms do not change the law established in cases such as **United States v. Irving**, 665 F.3d 1184, 1212 (10th Cir. 2011).

In addition, Dr. Miller contends the government improperly seeks to use evidence that Dr. Miller distributed or dispensed controlled substances, in violation of 21 U.S.C. § 841, in support of the health care fraud counts. He contends that any evidence that Dr. Miller wrote a prescription for a purpose other than a legitimate medical purpose, when Dr. Miller would not receive payment for that effort, cannot be used to prove a scheme to defraud. On the current record, the proposition that the government will seek to

introduce such evidence is hypothetical.  Therefore, I will not address it directly. However, with regard to the health care fraud counts, evidence demonstrating the existence of a scheme to defraud is intrinsic evidence not subject to the limitations and requirements of Rule 404(b).  This is true because such evidence is directly connected to the factual circumstances of the alleged health care fraud and is relevant to an essential element of that crime, the existence of a scheme to defraud.

Of course, nothing in this order excuses the government from complying with the requirements of Rule 404(b) to the extent the government seeks to introduce evidence subject to the strictures of Rule 404(b).  In the **Discovery Conference Memorandum and Order** [#13], Dr. Miller requests notice from the government concerning any 404(b) evidence it will seek to introduce, and the government says it will provide such notice. Nothing in this order limits the applicability of these requirements.

**THEREFORE, IT IS ORDERED** that apart from the requirements of the extant **Discovery Conference Memorandum and Order** [#13], the **Motion To Disclose FED. R. Evid. 404(b) Evidence** [#71] filed July 11, 2014, is **DENIED**.

Dated November 5, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge