**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 13-cr-00354-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JOEL E. MILLER,
      a/k/a Joel Edward Miller,

      Defendant.

## ORDER RE: MOTION FOR RECONSIDERATION

**Blackburn, J.**

The matter before me is defendant Dr. Joel Miller's **Motion for Reconsideration of Court Order Denying Motion To Dismiss** [#154],[1] filed October 29, 2014. On November 5, 2014, the government filed a response [#163]. I grant the motion in part and deny it in part.

Although the Federal Rules of Criminal Procedure do not specifically provide therefore, motions to reconsider are proper in criminal cases to allow the court to correct alleged errors. *See United States v. Christy*, 739 F.3d 534, 539 (10th Cir.), *cert. denied*, 135 S.Ct. 104 (2014). Nevertheless, the grounds for granting such a motion are limited:

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. A motion to reconsider should not be used to revisit

---

[1] "[#154]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

>     issues already addressed or advance arguments that could
>     have been raised earlier.

*Id.* (citation and internal quotation marks omitted).

Dr. Miller seeks reconsideration of my **Order Denying Motion To Dismiss Counts One Through Nine and Ten Through Nineteen of the Indictment** [#152], filed October 29, 2014, in which I concluded that the healthcare fraud counts of the Indictment are not duplicitous insofar as they charge both a scheme to defraud and a scheme to obtain money by means of false or fraudulent pretenses within a single count. In so ruling, I purported to quote the Tenth Circuit as holding that the analogous bank fraud statute "defin[es] different ways in which a defendant may commit the offense, and thus that a single count of an indictment may charge bank fraud under both subsections (1) and (2) without being duplicitous." (*Id.* at 3 (citation and internal quotation marks omitted).)

Dr. Miller is correct that the authority on which I relied in this regard, **United States v. Crisci**, was not that of the Tenth Circuit, but of the Second. 273 F.3d 235 (2nd Cir. 2001). To that extent, therefore, the motion to reconsider is granted.

However, Dr. Miller grossly overstates his case in suggesting that the Tenth Circuit has clearly ruled to the contrary. Setting aside the fact that he has offered not a shred of analysis to support this broad statement, nothing in the three precedents he cites[2] convinces me that my ultimate conclusion that the Indictment is not duplicitous runs contrary to the law of this circuit. The government has provided a thorough and well-

---

[2] **United States v. Allen**, 603 F.3d 1202 (10th Cir.), *cert. denied*, 131 S.Ct. 680 (2010), **United States v. Haber**, 251 F.3d 881 (10th Cir.), *cert. denied*, 122 S.Ct. 259 (2001), and **United States v. Cronic**, 900 F.2d 1511 (10th Cir. 1990).

reasoned discussion of these decisions in its response, which I adopt and incorporate by reference as if fully set forth herein.  At best, these cases support the relatively unremarkable proposition already noted in my prior order – that "duplicity is not necessarily fatal to an indictment and may be cured either by requiring the government prior to trial to elect to proceed on only one of the crimes charged in that count or, once trial has commenced, by the submission to the jury of a proper unanimity instruction." (**Order Denying Motion To Dismiss Counts One Through Nine and Ten Through Nineteen of the Indictment at 3** [#152], filed October 29, 2014.)  Thus, to the extent Dr. Miller's motion seeks a change in the substantive import of my prior order, it is denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That Dr. Miller's **Motion for Reconsideration of Court Order Denying Motion To Dismiss** [#154], filed October 29, 2014, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion is **GRANTED** to the extent that the court acknowledges the error in suggesting that the decision of the Second Circuit in *United States v. Crisci* was that of the Tenth Circuit; and

3. That in all other respects the motion is **DENIED**.

Dated December 5, 2014, at Denver, Colorado.

                                                  **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge